# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| EASTMAN KODAK COMPANY,<br><br>        Plaintiff,<br><br>   v.<br><br>APPLE INC.,<br><br>        Defendants. | Civil Action No. 6:10-CV-06022<br><br>JURY TRIAL DEMANDED |

## DEFENDANT APPLE INC.'S
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

Defendant Apple Inc. ("Apple") respectfully submits this Answer, these Affirmative Defenses and these Counterclaims to the Original Complaint of Plaintiff Eastman Kodak Company ("Kodak"). Allegations not expressly admitted are hereby denied

### Alleged Complaint and Jury Claim

1. Paragraph 1 contains legal conclusions to which no answer is required. To the extent an answer is required, Apple admits that this action purports to arise under the patent laws of the United States and that Kodak has alleged infringement of U.S. Patent Nos. 5,226,161 (the '161 patent), 5,421,012 (the '012 patent), and 5,303,379 (the '379 patent). Apple denies the remaining allegations in Paragraph 1 of the Complaint, including any allegation that any Apple product infringes the patents asserted by Kodak in its Complaint.

### Alleged Parties

2. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and, on that basis, denies the same.

3. Apple admits the allegations in Paragraph 3 of the Complaint.

### Alleged Jurisdiction and Venue

4. Apple does not dispute that this Court has subject matter jurisdiction for the purposes of this action.

5. Apple does not dispute personal jurisdiction solely for purposes of this action. Apple denies the remaining allegations in Paragraph 5.

6. While Apple admits that venue is proper in this Court for purposes of this action, venue would be more proper elsewhere.

### Denial of First Claim for Relief
### (Alleged Patent Infringement)

7. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '161 patent, and Apple therefore denies this allegation. Apple admits that the '161 patent, entitled "Integration of Data Between Typed Objects by Mutal [*sic*], Direct Invocation Between Data Managers Corresponding to Data Types," appears to have been issued on July 6, 1993, and that what is purported by Kodak to be a true copy of the '161 patent is attached to Kodak's Complaint as Exhibit A, but Apple denies that the '161 patent was "duly and legally issued."

8. Apple denies the allegations in Paragraph 8 of the Complaint.

9. Apple denies the allegations in Paragraph 9 of the Complaint.

10. Apple denies the allegations in Paragraph 10 of the Complaint.

11. Apple admits that the '161 patent was a subject of a series of communications between Apple and Kodak beginning in November of 2007. Apple admits that it knew of the existence of the '161 patent before November, 2007. Apple denies the remaining allegations in

Paragraph 11 of the Complaint, including any allegation that any Apple product infringes the '161 patent.

12. Apple denies the allegations in Paragraph 12 of the Complaint.

### Denial of Second Claim for Relief
### (Alleged Patent Infringement)

13. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '012 patent, and Apple therefore denies this allegation. Apple admits that the '012 patent appears to have been issued on May 30, 1995, and that what is purported by Kodak to be a true copy of the '012 patent is attached to Kodak's Complaint as Exhibit B, but Apple denies that the '012 patent was "duly and legally issued."

14. Apple denies the allegations in Paragraph 14 of the Complaint.

15. Apple denies the allegations in Paragraph 15 of the Complaint.

16. Apple denies the allegations in Paragraph 16 of the Complaint.

17. Apple admits that the '012 patent was a subject of a series of communications between Apple and Kodak beginning in November of 2007. Apple admits that it knew of the existence of the '012 patent before November, 2007. Apple denies the remaining allegations in Paragraph 17 of the Complaint, including any allegation that any Apple product infringes the '012 patent.

18. Apple denies the allegations in Paragraph 18 of the Complaint.

### Denial of Third Claim for Relief
### (Alleged Patent Infringement)

19. Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '379 patent, and Apple therefore denies this allegation. Apple admits that the '379 patent appears to have been issued on April 12, 1994, and that what is purported by Kodak to be a true copy of the '379 patent is attached to Kodak's Complaint as Exhibit C, but Apple denies that the '379 patent was "duly and legally issued."

20. Apple denies the allegations in Paragraph 20 of the Complaint.

21. Apple denies the allegations in Paragraph 21 of the Complaint.

22. Apple denies the allegations in Paragraph 22 of the Complaint.

23. Apple admits that the '379 patent was a subject of a series of communications between Apple and Kodak beginning in November of 2007. Apple admits that it knew of the existence of the '379 patent before November, 2007. Apple denies the remaining allegations in Paragraph 23 of the Complaint, including any allegation that any Apple product infringes the '379 patent.

24. Apple denies the allegations in Paragraph 24 of the Complaint.

### Denial of Kodak's Prayer for Relief

25. Apple denies that Kodak is entitled to an award of any relief at all, including the relief sought in its prayer for relief against Apple. Apple has not infringed (directly, indirectly, contributorily and/or by inducement, literally or equivalently, willfully or otherwise) any of the patents asserted by Kodak. Kodak is not entitled to recover damages, treble damages, injunctive relief, costs, fees, interest, or any other type of recovery from Apple. Kodak's prayer should, therefore, be denied in its entirety and with prejudice, and Kodak should take nothing.

**Demand for Jury Trial**

26. Apple requests a jury trial on all issues so triable.

Apple denies all allegations and statements not expressly admitted or responded to herein and further denies that Kodak is entitled to any of the relief requested, or to any relief at all.

<p style="text-align:center">*   *   *   *   *</p>

**AFFIRMATIVE DEFENSES**

In further answer to the allegations made by Kodak in its Complaint, and as for its affirmative defenses, Apple alleges as follows:

**FIRST AFFIRMATIVE DEFENSE - Noninfringement**

27. Apple does not and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '161 patent, the '012 patent, or the '379 patent asserted by Kodak in its Complaint, either literally or under the doctrine of equivalents, willfully or otherwise, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

**SECOND AFFIRMATIVE DEFENSE - Invalidity**

28. The claims of the '161, '012, and '379 patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 et seq., and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

### **THIRD AFFIRMATIVE DEFENSE – Prosecution History Estoppel**

29. Kodak is estopped from construing the claims of the '161, '012, and '379 patents in such a way as may cover any of Apple's accused products because of statements made to and/or actions taken in front of the Patent Office during the prosecution of the applications that led to the issuance of the '161, '012, and '379 patents.

### **FOURTH AFFIRMATIVE DEFENSE – Equitable Estoppel**

30. On information and belief, the '161, '012, and '379 patents are unenforceable against Apple by reason of estoppel, including without limitation, equitable estoppel.

### **FIFTH AFFIRMATIVE DEFENSE - Laches and 35 U.S.C. § 286**

31. On information and belief, Kodak's claims for relief and prayer for damages are barred by laches and/or limited by 35 U.S.C. § 286.

### **SIXTH AFFIRMATIVE DEFENSE - Failure to Comply with 35 U.S.C. § 287**

32. On information and belief, after a reasonable opportunity for further discovery, it will be shown that Kodak is precluded from recovering, in whole or in part, the damages sought in Kodak's Complaint because it failed to comply with 35 U.S.C. § 287, due to its failure to mark (and/or require its licensees to mark) products that practice the patents-in-suit as required by 35 U.S.C. § 287.

33. Apple reserves all additional affirmative defenses that may be available now or in the future based on facts uncovered during discovery in this case.

\*   \*   \*   \*   \*

## APPLE'S COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Apple Inc. (Apple) asserts the following counterclaims against Plaintiff/Counterclaim-Defendant Eastman Kodak Company (Kodak):

## PARTIES

1. Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2. On information and belief, Kodak is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York 14650.

## JURISDICTION AND VENUE

3. These Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and/or the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

5. An actual controversy exists under the Declaratory Judgment Act because Kodak has asserted and is asserting infringement of the patents-in-suit by Apple and Apple denies those assertions.

6. This Court has personal jurisdiction over Kodak because Kodak resides in this jurisdiction and because Kodak has availed itself of the rights and privileges of this forum by suing Apple in this District, in response to which these counterclaims are filed.

7. Venue is established in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400. Venue is additionally proper in this Court because Kodak has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are filed.

## BACKGROUND

8. On or about July 6, 1993, the United States Patent and Trademark Office (PTO) issued U.S. Patent No. 5,226,161 (the '161 patent), entitled "Integration of Data Between Typed Objects by Mutal [sic], Direct Invocation Between Data Managers Corresponding to Data Types."

9. On or about May 30, 1995, the PTO issued U.S. Patent No. 5,421,012 (the '012 patent), entitled "Multitasking Computer System for Integrating the Operation of Different Application Programs which Manipulate Data Objects of Different Types."

10. On or about April 12, 1994, the PTO issued U.S. Patent No. 5,303,379 (the '379 patent), entitled "Link Mechanism for Linking Data Between Objects and for Performing Operations on the Linked Data in an Object Based System."

11. Kodak purports to own the '161, '012, and '379 patents.

12. On or about January 14, 2010, Kodak sued Apple in this District, alleging infringement of the '161, '012, and '379 patents.

### COUNT I - (Declaratory Judgment of Noninfringement of the '161 Patent)

13. Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

14. Contrary to the allegations in Kodak's Complaint, Apple has not directly infringed, induced the direct infringement of, nor contributed to the infringement of claim 1 of the '161 patent.

15. There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to infringement of the '161 patent because Kodak has brought this action against Apple alleging that Apple infringes the '161 patent, which allegation Apple

denies. Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '161 patent against Apple, and thereby cause Apple irreparable injury and damage.

16.    Apple is entitled to a judicial declaration that it does not infringe any valid claim of the '161 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

### COUNT II - (Declaratory Judgment of Invalidity of the '161 Patent)

17.    Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

18.    Contrary to the allegations in Kodak's Complaint that the '161 patent was duly and legally issued, the claims of the '161 patent are invalid for failing to comply with one or more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

19.    There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to the validity of the '161 patent because Kodak has brought this action against Apple alleging that the '161 patent is valid, which allegation Apple denies. Absent a declaration of invalidity, Kodak will continue to wrongfully assert the '161 patent against Apple, and thereby cause Apple irreparable injury and damage.

20.    Apple is entitled to a judicial declaration that the claims of the '161 patent are invalid.

### COUNT III - (Declaratory Judgment of Noninfringement of the '012 Patent)

21.    Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

22. Contrary to the allegations in Kodak's Complaint, Apple has not directly infringed, induced the direct infringement of, nor contributed to the infringement of the claim 1 of the '012 patent.

23. There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to infringement of the '012 patent because Kodak has brought this action against Apple alleging that Apple infringes the '012 patent, which allegation Apple denies. Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '012 patent against Apple, and thereby cause Apple irreparable injury and damage.

24. Apple is entitled to a judicial declaration that it does not infringe any valid claim of the '012 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

### COUNT IV - (Declaratory Judgment of Invalidity of the '012 Patent)

25. Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

26. Contrary to the allegations in Kodak's Complaint that the '012 patent was duly and legally issued, the claims of the '012 patent are invalid for failing to comply with one or more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

27. There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to the validity of the '012 patent because Kodak has brought this action against Apple alleging that '012 patent is valid, which allegation Apple denies. Absent a

declaration of invalidity, Kodak will continue to wrongfully assert the '012 patent against Apple, and thereby cause Apple irreparable injury and damage.

28. Apple is entitled to a judicial declaration that the claims of the '012 patent are invalid.

### COUNT V - (Declaratory Judgment of Noninfringement of the '379 Patent)

29. Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

30. Contrary to the allegations in Kodak's Complaint, Apple has not directly infringed, induced the direct infringement of, nor contributed to the infringement of claim 1 of the '379 patent.

31. There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to infringement of the '379 patent because Kodak has brought this action against Apple alleging that Apple infringes the '379 patent, which allegation Apple denies. Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '379 patent against Apple, and thereby cause Apple irreparable injury and damage.

32. Apple is entitled to a judicial declaration that it does not infringe any valid claim of the '379 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

### COUNT VI - (Declaratory Judgment of Invalidity of the '379 Patent)

33. Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

34. Contrary to the allegations in Kodak's Complaint that the '379 patent was duly and legally issued, the claims of the '379 patent are invalid for failing to comply with one or

more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

35. There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to the validity of the '379 patent because Kodak has brought this action against Apple alleging that '379 patent is valid, which allegation Apple denies. Absent a declaration of invalidity, Kodak will continue to wrongfully assert the '379 patent against Apple, and thereby cause Apple irreparable injury and damage.

36. Apple is entitled to a judicial declaration that the claims of the '379 patent are invalid.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaim-Plaintiff Apple demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Kodak's Complaint and Apple's Counterclaims:

A. That Kodak's claims against Apple be dismissed with prejudice and that Kodak take nothing by way of its Complaint;

B. That judgment be entered in favor of Apple and against Kodak on Kodak's Complaint;

C. That a declaration be entered that Apple has not directly infringed, induced the infringement of, nor contributed to the infringement of the '161 patent, the '012 patent, or the '379 patent;

D.     That a declaration be entered that the claims of the '161, '012, and '379 patents are invalid; and

E.     That the Court award Apple such other and further relief that it deems just and proper.

Dated: March 3, 2010                    RESPECTFULLY SUBMITTED:

                                                           s/ David Rothenberg
David Rothenberg
GEIGER AND ROTHENBERG, LLP
800 Times Square Building
45 Exchange Street
Rochester, NY 14614
(585) 232-1946 (voice)
(585) 232-4746 (fax)
drothenberg@geigroth.com

*Local Counsel for Defendant*

                                                           s/ Nicholas Groombridge
Nicholas Groombridge
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:  +1 (212) 310-8000
Facsimile:   +1 (212) 310-8007
nicholas.groombridge@weil.com

*Counsel for Defendant*

Case 6:10-cv-06022-MAT-JWF    Document 17    Filed 03/03/2010    Page 14 of 17


Of Counsel:

Matthew D. Powers
Paul Ehrlich
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:+1 (650) 802-3000
Facsimile: +1 (650) 802-3100
matthew.powers@weil.com
paul.ehrlich@weil.com

Kevin Kudlac
Joshua Davis
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: +1 (713) 546 5000
Facsimile: +1 (713) 224 9511
kevin.kudlac@weil.com
joshua.davis@weil.com

Julian Moore
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone: +1 (212) 310-8000
Facsimile: +1 (212) 310-8007
julian.moore@weil.com

Amalie Weber
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone: +1 (202) 682-7000
Facsimile: +1 (202) 857-0940
amalie.weber@weil.com

To: Brian J. Arnold
   Michael J. Abernathy
   Sanjay K. Murthy
   K&L Gates LLP
   70 West Madison, Suite 3100
   Chicago, IL 60602


   Curt Holbreich
   Elaine Y. Chow
   Michael J. Bettinger
   Stephen M. Everett
   K&L Gates LLP
   Four Embarcadero Center, Suite 1200
   San Francisco, CA 94111


   Douglas B. Greenswag
   David T. McDonald
   K&L Gates LLP
   925 Fourth Avenue, Suite 2900
   Seattle, WA 98104


   Paul J. Yesawich III
   Neal L. Slifkin
   Laura W. Smalley
   Harris Beach LLP
   99 Garnsey Road
   Pittsford, NY 14534

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| EASTMAN KODAK COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>v.  )<br>)<br>APPLE INC.,  )<br>)<br>Defendant.  )<br>) | Civil Action No. 6:10-CV-06022 |

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2010, I electronically filed the foregoing Answer, Affirmative Defenses and Counterclaims with the Clerk of the District Court using the CM/ECF system, which sent notification of such filing to the following:

1. Brian J. Arnold: brian.arnold@klgates.com

2. Michael J. Abernathy: mike.abernathy@klgates.com

3. Sanjay K. Murthy: sanjay.murthy@klgates.com

4. Douglas B. Greenswag: douglas.greenswag@klgates.com

5. Paul J. Yesawich , III: pyesawich@harrisbeach.com

6. Neal L. Slifkin: nslifkin@harrisbeach.com

7. Laura W. Smalley: LSmalley@harrisbeach.com

And, I hereby certify that I have mailed by the United States Postal Service the Answer, Affirmative Defenses and Counterclaims to the following non-CM/ECF participants:

<div style="text-align:center">

Curt Holbreich
Elaine Y. Chow
Michael J. Bettinger
Stephen M. Everett
K&L Gates LLP
Four Embarcadero Center, Suite 1200
San Francisco , CA 94111

</div>

       s/ David Rothenberg
       David Rothenberg