## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| EASTMAN KODAK COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 6:10-CV-06022 |
| v. | ) | |
| | ) | JURY TRIAL DEMANDED |
| APPLE INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## DEFENDANT APPLE INC.'S AMENDED
## ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS

As authorized by Federal Rule of Civil Procedure 15(a)(1)(B), Defendant Apple Inc. ("Apple") respectfully submits this Amended Answer, these Affirmative Defenses and these Counterclaims to the Original Complaint of Plaintiff Eastman Kodak Company ("Kodak"). Allegations not expressly admitted are hereby denied.

## Alleged Complaint and Jury Claim

1.      Paragraph 1 contains legal conclusions to which no answer is required.  To the extent an answer is required, Apple admits that this action purports to arise under the patent laws of the United States and that Kodak has alleged infringement of U.S. Patent Nos. 5,226,161 (the '161 patent), 5,421,012 (the '012 patent), and 5,303,379 (the '379 patent).  Apple denies the remaining allegations in Paragraph 1 of the Complaint, including any allegation that any Apple product infringes the patents asserted by Kodak in its Complaint.

## Alleged Parties

2.       Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and, on that basis, denies the same.

3.       Apple admits the allegations in Paragraph 3 of the Complaint.

## Alleged Jurisdiction and Venue

4.       Apple does not dispute that this Court has subject matter jurisdiction for the purposes of this action.

5.       Apple does not dispute personal jurisdiction solely for purposes of this action. Apple denies the remaining allegations in Paragraph 5.

6.       While Apple admits that venue is proper in this Court for purposes of this action, venue would be more proper elsewhere.

## Denial of First Claim for Relief
### (Alleged Patent Infringement)

7.       Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '161 patent, and Apple therefore denies this allegation.  Apple admits that the '161 patent, entitled "Integration of Data Between Typed Objects by Mutal [*sic*], Direct Invocation Between Data Managers Corresponding to Data Types," appears to have been issued on July 6, 1993, and that what is purported by Kodak to be a true copy of the '161 patent is attached to Kodak's Complaint as Exhibit A, but Apple denies that the '161 patent was "duly and legally issued."

8.       Apple denies the allegations in Paragraph 8 of the Complaint.

9.       Apple denies the allegations in Paragraph 9 of the Complaint.

10.      Apple denies the allegations in Paragraph 10 of the Complaint.

11.     Apple admits that the '161 patent was a subject of a series of communications between Apple and Kodak beginning in November of 2007.  Apple admits that it knew of the existence of the '161 patent before November, 2007.  Apple denies the remaining allegations in Paragraph 11 of the Complaint, including any allegation that any Apple product infringes the '161 patent.

12.     Apple denies the allegations in Paragraph 12 of the Complaint.

## Denial of Second Claim for Relief
### (Alleged Patent Infringement)

13.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '012 patent, and Apple therefore denies this allegation.  Apple admits that the '012 patent appears to have been issued on May 30, 1995, and that what is purported by Kodak to be a true copy of the '012 patent is attached to Kodak's Complaint as Exhibit B, but Apple denies that the '012 patent was "duly and legally issued."

14.     Apple denies the allegations in Paragraph 14 of the Complaint.

15.     Apple denies the allegations in Paragraph 15 of the Complaint.

16.     Apple denies the allegations in Paragraph 16 of the Complaint.

17.     Apple admits that the '012 patent was a subject of a series of communications between Apple and Kodak beginning in November of 2007.  Apple admits that it knew of the existence of the '012 patent before November, 2007.  Apple denies the remaining allegations in Paragraph 17 of the Complaint, including any allegation that any Apple product infringes the '012 patent.

18.     Apple denies the allegations in Paragraph 18 of the Complaint.

## Denial of Third Claim for Relief
### (Alleged Patent Infringement)

19.     Apple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Kodak is the owner by assignment of the '379 patent, and Apple therefore denies this allegation.  Apple admits that the '379 patent appears to have been issued on April 12, 1994, and that what is purported by Kodak to be a true copy of the '379 patent is attached to Kodak's Complaint as Exhibit C, but Apple denies that the '379 patent was "duly and legally issued."

20.     Apple denies the allegations in Paragraph 20 of the Complaint.

21.     Apple denies the allegations in Paragraph 21 of the Complaint.

22.     Apple denies the allegations in Paragraph 22 of the Complaint.

23.     Apple admits that the '379 patent was a subject of a series of communications between Apple and Kodak beginning in November of 2007.  Apple admits that it knew of the existence of the '379 patent before November, 2007.  Apple denies the remaining allegations in Paragraph 23 of the Complaint, including any allegation that any Apple product infringes the '379 patent.

24.     Apple denies the allegations in Paragraph 24 of the Complaint.

## Denial of Kodak's Prayer for Relief

25.     Apple denies that Kodak is entitled to an award of any relief at all, including the relief sought in its prayer for relief against Apple.  Apple has not infringed (directly, indirectly, contributorily and/or by inducement, literally or equivalently, willfully or otherwise) any of the patents asserted by Kodak.  Kodak is not entitled to recover damages, treble damages, injunctive

relief, costs, fees, interest, or any other type of recovery from Apple.  Kodak's prayer should, therefore, be denied in its entirety and with prejudice, and Kodak should take nothing.

### Demand for Jury Trial

26.     Apple requests a jury trial on all issues so triable.

Apple denies all allegations and statements not expressly admitted or responded to herein and further denies that Kodak is entitled to any of the relief requested, or to any relief at all.

*       *       *       *       *

### AFFIRMATIVE DEFENSES

In further answer to the allegations made by Kodak in its Complaint, and as for its affirmative defenses, Apple alleges as follows:

### FIRST AFFIRMATIVE DEFENSE - Noninfringement

27.     Apple does not and has not infringed, either directly, indirectly, contributorily, or by inducement, any valid and enforceable claim of the '161 patent, the '012 patent, or the '379 patent asserted by Kodak in its Complaint, either literally or under the doctrine of equivalents, willfully or otherwise, and has not otherwise committed any acts in violation of 35 U.S.C. § 271.

### SECOND AFFIRMATIVE DEFENSE - Invalidity

28.     The claims of the '161, '012, and '379 patents are invalid for failure to comply with one or more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 et seq., and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

### THIRD AFFIRMATIVE DEFENSE – Prosecution History Estoppel

29.     Kodak is estopped from construing the claims of the '161, '012, and '379 patents in such a way as may cover any of Apple's accused products because of statements made to and/or actions taken in front of the Patent Office during the prosecution of the applications that led to the issuance of the '161, '012, and '379 patents.

### FOURTH AFFIRMATIVE DEFENSE – Equitable Estoppel

30.     On information and belief, the '161, '012, and '379 patents are unenforceable against Apple by reason of estoppel, including without limitation, equitable estoppel.

### FIFTH AFFIRMATIVE DEFENSE - Laches and 35 U.S.C. § 286

31.     On information and belief, Kodak's claims for relief and prayer for damages are barred by laches and/or limited by 35 U.S.C. § 286.

### SIXTH AFFIRMATIVE DEFENSE - Failure to Comply with 35 U.S.C. § 287

32.     On information and belief, after a reasonable opportunity for further discovery, it will be shown that Kodak is precluded from recovering, in whole or in part, the damages sought in Kodak's Complaint because it failed to comply with 35 U.S.C. § 287, due to its failure to mark (and/or require its licensees to mark) products that practice the patents-in-suit as required by 35 U.S.C. § 287.

33.     Apple reserves all additional affirmative defenses that may be available now or in the future based on facts uncovered during discovery in this case.

*       *       *       *       *

## APPLE'S COUNTERCLAIMS

Defendant/Counterclaim-Plaintiff Apple Inc. (Apple) asserts the following counterclaims against Plaintiff/Counterclaim-Defendant Eastman Kodak Company (Kodak):

## PARTIES

1.      Apple is a California corporation having its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

2.      On information and belief, Kodak is a New Jersey corporation with its principal place of business at 343 State Street, Rochester, New York 14650.

## JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, Title 35 of the United States Code, and/or the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1338(a).

5.      An actual controversy exists under the Declaratory Judgment Act because Kodak has asserted and is asserting infringement of the patents-in-suit by Apple and Apple denies those assertions.

6.      This Court has personal jurisdiction over Kodak because Kodak resides in this jurisdiction and because Kodak has availed itself of the rights and privileges of this forum by suing Apple in this District, in response to which these counterclaims are filed.

7.      Venue is established in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.  Venue is additionally proper in this Court because Kodak has consented to the propriety of venue in this Court by filing its claim for patent infringement in this Court, in response to which these counterclaims are filed.

## BACKGROUND

8.      On or about July 6, 1993, the United States Patent and Trademark Office (PTO) issued U.S. Patent No. 5,226,161 (the '161 patent), entitled "Integration of Data Between Typed Objects by Mutal [sic], Direct Invocation Between Data Managers Corresponding to Data Types."

9.      On or about May 30, 1995, the PTO issued U.S. Patent No. 5,421,012 (the '012 patent), entitled "Multitasking Computer System for Integrating the Operation of Different Application Programs which Manipulate Data Objects of Different Types."

10.      On or about April 12, 1994, the PTO issued U.S. Patent No. 5,303,379 (the '379 patent), entitled "Link Mechanism for Linking Data Between Objects and for Performing Operations on the Linked Data in an Object Based System."

11.      Kodak purports to own the '161, '012, and '379 patents.

12.      On or about January 14, 2010, Kodak sued Apple in this District, alleging infringement of the '161, '012, and '379 patents.

## COUNT I - (Declaratory Judgment of Noninfringement of the '161 Patent)

13.      Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

14.      Contrary to the allegations in Kodak's Complaint, Apple has not directly infringed, induced the direct infringement of, nor contributed to the infringement of claim 1 of the '161 patent.

15.      There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to infringement of the '161 patent because Kodak has brought this action against Apple alleging that Apple infringes the '161 patent, which allegation Apple

denies.  Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '161 patent against Apple, and thereby cause Apple irreparable injury and damage.

16.     Apple is entitled to a judicial declaration that it does not infringe any valid claim of the '161 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

## COUNT II - (Declaratory Judgment of Invalidity of the '161 Patent)

17.     Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

18.     Contrary to the allegations in Kodak's Complaint that the '161 patent was duly and legally issued, the claims of the '161 patent are invalid for failing to comply with one or more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

19.     There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to the validity of the '161 patent because Kodak has brought this action against Apple alleging that the '161 patent is valid, which allegation Apple denies. Absent a declaration of invalidity, Kodak will continue to wrongfully assert the '161 patent against Apple, and thereby cause Apple irreparable injury and damage.

20.     Apple is entitled to a judicial declaration that the claims of the '161 patent are invalid.

## COUNT III - (Declaratory Judgment of Noninfringement of the '012 Patent)

21.     Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

22.     Contrary to the allegations in Kodak's Complaint, Apple has not directly infringed, induced the direct infringement of, nor contributed to the infringement of the claim 1 of the '012 patent.

23.     There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to infringement of the '012 patent because Kodak has brought this action against Apple alleging that Apple infringes the '012 patent, which allegation Apple denies.  Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '012 patent against Apple, and thereby cause Apple irreparable injury and damage.

24.     Apple is entitled to a judicial declaration that it does not infringe any valid claim of the '012 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

**COUNT IV - (Declaratory Judgment of Invalidity of the '012 Patent)**

25.     Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

26.     Contrary to the allegations in Kodak's Complaint that the '012 patent was duly and legally issued, the claims of the '012 patent are invalid for failing to comply with one or more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

27.     There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to the validity of the '012 patent because Kodak has brought this action against Apple alleging that '012 patent is valid, which allegation Apple denies.  Absent a

declaration of invalidity, Kodak will continue to wrongfully assert the '012 patent against Apple, and thereby cause Apple irreparable injury and damage.

28.     Apple is entitled to a judicial declaration that the claims of the '012 patent are invalid.

### COUNT V - (Declaratory Judgment of Noninfringement of the '379 Patent)

29.     Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

30.     Contrary to the allegations in Kodak's Complaint, Apple has not directly infringed, induced the direct infringement of, nor contributed to the infringement of claim 1 of the '379 patent.

31.     There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to infringement of the '379 patent because Kodak has brought this action against Apple alleging that Apple infringes the '379 patent, which allegation Apple denies.  Absent a declaration of noninfringement, Kodak will continue to wrongfully assert the '379 patent against Apple, and thereby cause Apple irreparable injury and damage.

32.     Apple is entitled to a judicial declaration that it does not infringe any valid claim of the '379 patent, either directly or indirectly, literally or under the doctrine of equivalents, willfully, or otherwise.

### COUNT VI - (Declaratory Judgment of Invalidity of the '379 Patent)

33.     Apple incorporates by reference the allegations contained in Paragraphs 1 through 11 of its Counterclaims.

34.     Contrary to the allegations in Kodak's Complaint that the '379 patent was duly and legally issued, the claims of the '379 patent are invalid for failing to comply with one or

more of the requirements of Title 35, United States Code, including but not limited to Sections 101, 102, 103, and/or 112 *et seq.*, and the rules, regulations, and laws pertaining thereto, and/or for obviousness-type double patenting.

35.    There is an actual, substantial, and continuing justiciable case or controversy between the parties with respect to the validity of the '379 patent because Kodak has brought this action against Apple alleging that '379 patent is valid, which allegation Apple denies.  Absent a declaration of invalidity, Kodak will continue to wrongfully assert the '379 patent against Apple, and thereby cause Apple irreparable injury and damage.

36.    Apple is entitled to a judicial declaration that the claims of the '379 patent are invalid.

**COUNT VII [NEW] - (Infringement of U.S. Patent No. 5,341,293)**

37.    United States Patent No. 5,341,293 (the "'293 patent"), entitled "User Interface System Having Programmable User Interface Elements," was duly and legally issued on August 23, 1994.  Apple is the owner by assignment and has full rights to sue and recover damages for infringement of the '293 patent.  A copy of the '293 patent is attached hereto as Exhibit 1.

38.    Kodak has infringed, and is still infringing, one or more claims of the '293 patent by making, using, offering to sell and/or selling, within the United States, and/or by importing into the United States, products, including but not limited to, the Kodak Z Series of Cameras, including but not limited to the Z915, Z950, Z1085 IS, and Z1485 IS; the Kodak M Series of Cameras, including but not limited to the M340, M341, M380, M381, M530, M550, M1033, and M1093 IS; the Kodak C Series of cameras, including but not limited to the C142, C180, C182, C190, and C913; and the Kodak SLICE camera, that embody and/or practice one or more of the claims of the '293 patent.

39.     Kodak has contributorily infringed, and continues to contributorily infringe, the '293 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in one or more claims of the '293 patent, are known by Kodak to be especially made or specially adapted for use in infringement of one or more claims of the '293 patent, and are not staple articles or commodities suitable for substantial noninfringing use, including certain digital camera devices and non-staple constituent parts of those digital camera devices.

40.     Kodak has induced, and continues to induce, others to infringe the '293 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of one or more claims of the '293 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of infringing digital camera devices for infringing sale such as by retail sales outlets, by marketing the infringing digital camera devices, by creating and/or distributing user manuals for the infringing digital camera devices, and by supplying warranty coverage for the infringing digital camera devices sold in the United States.

41.     Kodak had notice of the '293 patent and Kodak's infringement thereof no later than the filing date of this pleading.  Moreover, upon information and belief, Kodak had actual knowledge of the '293 patent well in advance of the filing date of this pleading.  Nonetheless, upon information and belief, Kodak, continued with its infringing conduct despite an objectively high likelihood that its actions constituted infringement of the '293 patent, and did so knowing of this objectively high likelihood.

42.     Kodak's infringement of one or more claims of the '293 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Kodak's infringement, which in no event can be less than a reasonable royalty.

43.     Kodak has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '293 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Kodak is enjoined by this Court.

### COUNT VIII [NEW] - (Infringement of U.S. Patent No. 5,898,434)

44.     United States Patent No. 5,898,434 (the "'434 patent"), entitled "User Interface System Having Programmable User Interface Elements," was duly and legally issued on April 27, 1999.  Apple is the owner by assignment and has full rights to sue and recover damages for infringement of the '434 patent.  A copy of the '434 patent is attached hereto as Exhibit 2.

45.     Kodak has infringed, and is still infringing, one or more claims of the '434 patent by making, using, offering to sell and/or selling, within the United States, and/or by importing into the United States, products, including but not limited to, the Kodak Z Series of Cameras, including but not limited to the Z915, Z950, Z1085 IS, and Z1485 IS; the Kodak M Series of Cameras, including but not limited to the M340, M341, M380, M381, M530, M550, M1033, and M1093 IS; the Kodak C Series of cameras, including but not limited to the C142, C180, C182, C190, and C913; and the Kodak SLICE camera that embody and/or practice one or more of the claims of the '434 patent.

46.     Kodak has contributorily infringed, and continues to contributorily infringe, the '434 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in one or more claims of the '434 patent, are known by Kodak to be

especially made or specially adapted for use in infringement of one or more claims of the '434 patent, and are not staple articles or commodities suitable for substantial noninfringing use, including certain digital camera devices and non-staple constituent parts of those digital camera devices.

47.    Kodak has induced, and continues to induce, others to infringe the '434 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of one or more claims of the '434 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of infringing digital camera devices for infringing sale such as by retail sales outlets, by marketing the infringing digital camera devices, by creating and/or distributing user manuals for the infringing digital camera devices, and by supplying warranty coverage for the infringing digital camera devices sold in the United States.

48.    Kodak had notice of the '434 patent and Kodak's infringement thereof no later than the filing date of this pleading.  Moreover, upon information and belief, Kodak had actual knowledge of the '434 patent well in advance of the filing date of this pleading.  Nonetheless, upon information and belief, Kodak, continued with its infringing conduct despite an objectively high likelihood that its actions constituted infringement of the '434 patent, and did so knowing of this objectively high likelihood.

49.    Kodak's infringement of one or more claims of the '434 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Kodak's infringement, which in no event can be less than a reasonable royalty.

50.     Kodak has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '434 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Kodak is enjoined by this Court.

**COUNT IX [NEW]- (Infringement of U.S. Patent No. 5,634,074)**

51.     United States Patent No. 5,634,074 (the "'074 patent"), entitled "Serial I/O Device Identifies Itself To A Computer Through A Serial Interface During Power On Reset Then It Is Being Configured By The Computer," was duly and legally issued on May 27, 1997.  Apple is the owner by assignment and has full rights to sue and recover damages for infringement of the '074 patent.  A copy of the '074 patent is attached hereto as Exhibit 3.

52.     Kodak has infringed, and is still infringing, one or more claims of the '074 patent by making, using, offering to sell and/or selling, within the United States, and/or by importing into the United States, products, including but not limited to, the Kodak Z Series of Cameras, including but not limited to the Z915, Z950, Z1085 IS, and Z1485 IS; the Kodak M Series of Cameras, including but not limited to the M340, M341, M380, M381, M530, M550, M1033, and M1093 IS; the Kodak C Series of cameras, including but not limited to the C142, C180, C182, C190, and C913; the Kodak SLICE camera; and the Kodak video cameras, including but not limited to the Zi6, Zi8, Zx1, and the Zx3 PLAYSPORT, that embody and/or practice one or more of the claims of the '074 patent.

53.     Kodak has contributorily infringed, and continues to contributorily infringe, the '074 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in one or more claims of the '074 patent, are known by Kodak to be especially made or specially adapted for use in infringement of one or more claims of the '074

patent, and are not staple articles or commodities suitable for substantial noninfringing use, including certain digital camera and digital video camera devices and non-staple constituent parts of those digital camera and digital video camera devices.

54.     Kodak has induced, and continues to induce, others to infringe the '074 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of one or more claims of the '074 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of infringing digital camera and digital video camera devices for infringing sale such as by retail sales outlets, by marketing the infringing digital camera and digital video camera devices, by creating and/or distributing user manuals for the infringing digital camera and digital video camera devices, and by supplying warranty coverage for the infringing digital camera and digital video camera devices sold in the United States.

55.     Kodak had notice of the '074 patent and Kodak's infringement thereof no later than the filing date of this pleading.  Nonetheless, upon information and belief, Kodak, continued with its infringing conduct despite an objectively high likelihood that its actions constituted infringement of the '074 patent, and did so knowing of this objectively high likelihood.

56.     Kodak's infringement of one or more claims of the '074 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Kodak's infringement, which in no event can be less than a reasonable royalty.

57.     Kodak has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '074 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Kodak is enjoined by this Court.

## COUNT X [NEW]- (Infringement of U.S. Patent No. 5,072,925)

58.     United States Patent No. 5,072,925 (the "'925 patent"), entitled "Apparatus And Method For Automatic Registration Of Manually Inserted Print Media," was duly and legally issued on December 17, 1991.  Apple is the owner by assignment and has full rights to sue and recover damages for infringement of the '925 patent.  A copy of the '925 patent is attached hereto as Exhibit 4.

59.     Kodak has infringed, and is still infringing, one or more claims of the '925 patent by making, using, offering to sell and/or selling, within the United States, and/or by importing into the United States, products, including but not limited to, the Kodak ESP 3, ESP 3250, ESP 5, ESP 5250, ESP 6150, ESP 7, ESP 7250 and ESP 9 series of "All-In-One" printers, that embody and/or practice one or more of the claims of the '925 patent.

60.     Kodak has contributorily infringed, and continues to contributorily infringe, the '925 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in one or more claims of the '925 patent, are known by Kodak to be especially made or specially adapted for use in infringement of one or more claims of the '925 patent, and are not staple articles or commodities suitable for substantial noninfringing use, including the certain printer devices and non-staple constituent parts of those printer devices.

61.     Kodak has induced, and continues to induce, others to infringe the '925 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of one or more claims of the '925 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of the infringing printer devices for infringing sale such as by retail sales outlets, by marketing the infringing printer

devices, by creating and/or distributing user manuals for the infringing printer devices, and by supplying warranty coverage for the infringing printer devices sold in the United States.

62.     Kodak had notice of the '925 patent and Kodak's infringement thereof no later than the filing date of this pleading.  Nonetheless, upon information and belief, Kodak, continued with its infringing conduct despite an objectively high likelihood that its actions constituted infringement of the '925 patent, and did so knowing of this objectively high likelihood.

63.     Kodak's infringement of one or more claims of the '925 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Kodak's infringement, which in no event can be less than a reasonable royalty.

64.     Kodak has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '925 patent, and Apple will continue to suffer damage and irreparable injury through the expiration of the '925 patent.

## COUNT XI [NEW]- (Infringement of U.S. Patent No. 5,920,726)

65.     United States Patent No. 5,920,726 (the "'726 patent"), entitled "System And Method For Managing Power Conditions Within A Digital Camera Device," was duly and legally issued on July 6, 1999.  Apple is the owner by assignment and has full rights to sue and recover damages for infringement of the '726 patent.  A copy of the '726 patent is attached hereto as Exhibit 5.

66.     Kodak has infringed, and is still infringing, one or more claims of the '726 patent by making, using, offering to sell and/or selling, within the United States, and/or by importing into the United States, products, including but not limited to, the Kodak Z Series of Cameras, including but not limited to the Z915, Z950, Z1085 IS, and Z1485 IS; the Kodak M Series of Cameras, including but not limited to the M340, M341, M380, M381, M530, M550, M1033, and

M1093 IS; the Kodak C Series of cameras, including but not limited to the C142, C180, C182, C190, and C913; the Kodak SLICE camera; and the Kodak video cameras, including but not limited to the Zi6, Zi8, Zx1, and the Zx3 PLAYSPORT, that embody and/or practice one or more of the claims of the '726 patent.

67.    Kodak has contributorily infringed, and continues to contributorily infringe, the '726 patent in violation of 35 U.S.C. § 271, by selling within the United States, offering for sale within the United States, and/or importing components that embody a material part of the inventions described in one or more claims of the '726 patent, are known by Kodak to be especially made or specially adapted for use in infringement of one or more claims of the '726 patent, and are not staple articles or commodities suitable for substantial noninfringing use, including certain digital camera and digital video camera devices and non-staple constituent parts of those digital camera and digital video camera devices.

68.    Kodak has induced, and continues to induce, others to infringe the '726 patent in violation of 35 U.S.C. § 271, by taking active steps to encourage and facilitate others' direct infringement of one or more claims of the '726 patent with knowledge of that infringement, such as, upon information and belief, by contracting for the distribution of infringing digital camera and digital video camera devices for infringing sale such as by retail sales outlets, by marketing the infringing digital camera and digital video camera devices, by creating and/or distributing user manuals for the infringing digital camera and digital video camera devices, and by supplying warranty coverage for the infringing digital camera and digital video camera devices sold in the United States.

69.    Kodak had notice of the '726 patent and Kodak's infringement thereof no later than the filing date of this pleading.  Nonetheless, upon information and belief, Kodak, continued

with its infringing conduct despite an objectively high likelihood that its actions constituted infringement of the '726 patent, and did so knowing of this objectively high likelihood.

70.     Kodak's infringement of one or more claims of the '726 patent has injured Apple, and Apple is entitled to recover damages adequate to compensate it for Kodak's infringement, which in no event can be less than a reasonable royalty.

71.     Kodak has caused Apple substantial damage and irreparable injury by its infringement of one or more claims of the '726 patent, and Apple will continue to suffer damage and irreparable injury unless and until the infringement by Kodak is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Defendant/Counterclaim-Plaintiff Apple demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Apple prays for judgment as follows on Kodak's Complaint and Apple's Counterclaims:

A.     That Kodak's claims against Apple be dismissed with prejudice and that Kodak take nothing by way of its Complaint;

B.     That judgment be entered in favor of Apple and against Kodak on Kodak's Complaint;

C.     That a declaration be entered that Apple has not directly infringed, induced the infringement of, nor contributed to the infringement of the '161 patent, the '012 patent, or the '379 patent;

D.      That a declaration be entered that the claims of the '161, '012, and '379 patents are invalid;

E.      That judgment be entered that Kodak has infringed, contributed to the infringement of, and/or induced the infringement of the '293, '434, '074, '925 and '726 patents, and continues to infringe, contribute to the infringement of, and/or induce the infringement of the '293, '434, '074, '925 and '726 patents.

F.      That a permanent injunction be entered pursuant to 35 U.S.C. § 283 enjoining Kodak, its officers, directors, servants, consultants, managers, employees, agents, attorneys, successors, assigns, affiliates, subsidiaries, and all persons in active concert or participation with any of them, from infringement, contributory infringement, and inducing infringement of the '293, '434, '074, and '726 patents, including but not limited to making, using, offering to sell, selling, or importing any products that infringe or products that perform the patented processes set forth in the '293, '434, '074, and '726 patents;

G.      An award to Apple of all damages adequate to compensate Apple for Kodak's infringement, contributory infringement, and/or inducement of infringement, of the '293, '434, '074, '925 and '726 patents, such damages to be determined by a jury and, if necessary, an accounting of all damages;

H.      An award to Apple of prejudgment and post-judgment interest pursuant to 35 U.S.C. § 284;

I.      An award to Apple of enhanced damages of treble its actual damages for willful infringement;

J.      That pursuant to 35 U.S.C. § 285 and/or other applicable laws, Kodak's conduct in commencing and pursuing this action be found to render this an exceptional case and that Apple be awarded its attorneys' fees incurred in connection with this action;

K.      That Apple be awarded its reasonable attorney fees and costs; and

L.      That the Court award Apple such other and further relief that it deems just and proper.

Dated: April 15, 2010                              RESPECTFULLY SUBMITTED:

                                                   *s/Brian E. Ferguson*
                                                   Brian E. Ferguson
                                                   WEIL, GOTSHAL & MANGES LLP
                                                   1300 Eye Street, N.W.
                                                   Washington, D.C.  20005
                                                   Telephone:  +1 (202) 682-7000
                                                   Facsimile:   +1 (202) 857-0940
                                                   brian.ferguson@weil.com

                                                   Nicholas Groombridge
                                                   WEIL, GOTSHAL & MANGES LLP
                                                   767 Fifth Avenue
                                                   New York, NY 10153
                                                   Telephone:  +1 (212) 310-8000
                                                   Facsimile:   +1 (212) 310-8007
                                                   nicholas.groombridge@weil.com

                                                   David Rothenberg
                                                   GEIGER AND ROTHENBERG, LLP
                                                   800 Times Square Building
                                                   45 Exchange Street
                                                   Rochester, NY 14614
                                                   (585) 232-1946 (voice)
                                                   (585) 232-4746 (fax)
                                                   drothenberg@geigroth.com

                                                   *Counsel for Defendant*

Of Counsel:

Matthew D. Powers
WEIL, GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
Telephone:+1 (650) 802-3000
Facsimile: +1 (650) 802-3100
matthew.powers@weil.com

Kevin Kudlac
Joshua Davis
Todd S. Patterson
WEIL, GOTSHAL & MANGES LLP
700 Louisiana, Suite 1600
Houston, TX 77002
Telephone: +1 (713) 546 5000
Facsimile: +1 (713) 224 9511
kevin.kudlac@weil.com
joshua.davis@weil.com

Amalie Weber
WEIL, GOTSHAL & MANGES LLP
1300 Eye Street, NW, Suite 900
Washington, DC 20005
Telephone: +1 (202) 682-7000
Facsimile: +1 (202) 857-0940
amalie.weber@weil.com

TO:    Paul J. Yesawich, III
       Neal L. Slifkin
       Laura W. Smalley
       HARRIS BEACH PLLC
       99 Garnsey Road
       Pittsford, New York  14534

       Michael J. Bettinger
       Stephen M. Everett
       Elaine Y. Chow
       Curt Holbreich
       K&L GATES LLP
       Four Embarcadero Center, Suite 1200
       San Francisco, CA  94111

       Michael J. Abernathy
       Sanjay K. Murthy
       Brian J. Arnold
       K&L GATES LLP
       70 West Madison Street, Suite 3100
       Chicago, IL  60602-4207

       David T. McDonald
       Douglas B. Greenswag
       K&L GATES LLP
       925 Fourth Street, Suite 2900
       Seattle, WA  98104-1158

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| EASTMAN KODAK COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| APPLE INC., | ) ) |
| Defendants. | ) ) ) ) |

Civil Action No. 6:10-CV-06022

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 15th day of April, 2010, I electronically filed the foregoing Apple's Amended Answer, Defenses, and Counterclaims with the Clerk of the District Court using the CM/ECF System, which sent notification of such filing to the following:

Paul J. Yesawich, III
Neal L. Slifkin
Laura W. Smalley
HARRIS BEACH PLLC
99 Garnsey Road
Pittsford, New York  14534
pyesawich@harrisbeach.com
nslifkin@harrisbeach.com
lsmalley@harrisbeach.com

Michael J. Abernathy
Sanjay K. Murthy
Brian J. Arnold
K&L GATES LLP
70 West Madison Street, Suite 3100
Chicago, IL  60602-4207
michael.abernathy@klgates.com
sanjay.murthy@klgates.com
brian.arnold@klgates.com

David T. McDonald
Douglas B. Greenswag
K&L GATES LLP
925 Fourth Street, Suite 2900
Seattle, WA  98104-1158
david.mcdonald@klgates.com
douglas.greenswag@klgates.com

    And, I hereby certify that I have mailed by the United States Postal Service the Amended Answer, Affirmative Defenses and Counterclaims to the following non-CM/ECF participants:

Michael J. Bettinger
Stephen M. Everett
Elaine Y. Chow
Curt Holbreich
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA  94111

By:     *s/Brian E. Ferguson*
         Brian E. Ferguson
         WEIL, GOTSHAL & MANGES LLP
         1300 Eye Street, N.W.
         Washington, D.C.  20005
         Telephone:      +1 (202) 682-7000
         Facsimile:      +1 (202) 857-0940
         brian.ferguson@weil.com

         Nicholas Groombridge
         WEIL, GOTSHAL & MANGES LLP
         767 Fifth Avenue
         New York, NY 10153
         Telephone:      +1 (212) 310-8000
         Facsimile:      +1 (212) 310-8007
         nicholas.groombridge@weil.com

         David Rothenberg
         GEIGER AND ROTHENBERG, LLP
         800 Times Square Building
         45 Exchange Street
         Rochester, NY 14614
         (585) 232-1946 (voice)
         (585) 232-4746 (fax)
         drothenberg@geigroth.com

         *Attorneys  for Defendant*

2